UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Duane Joseph Johnson,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 12-0587 (CKK) |
| | : | |
| **Quaker Oats Company,** | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

In this action removed from the Superior Court of the District of Columbia under this Court's diversity jurisdiction, Not. of Removal [Dkt. # 4-1] ¶ 5, plaintiff sues the Quaker Oats Company for allegedly misleading him "about the nutritional and health qualities of its chewy granola bars and instant oatmeal products that contain partially hydrogenated oil." Am. Compl. [Dkt. # 4-1, ECF pgs. 12-28] at 1. Plaintiff claims that defendant's "wide-spread marketing campaign" touting the nutritional value of those products between November 1, 2005, and November 2010 "caused" him to pay a premium price for the products he allegedly purchased "from a vendor in the District of Columbia" or from "various individuals." *Id*. ¶¶ 2, 5, 8. Plaintiff sues under the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code §§ 28-3901-13, for damages exceeding $90,000. Am. Compl. ¶ 6,

Pending before the Court is the Motion by Defendant the Quaker Oats Company to Dismiss the Amended Complaint [Dkt. # 5], which plaintiff has opposed. Also pending are plaintiff's contested motion to voluntarily dismiss this action without prejudice under Rule 41 [Dkt. # 20], and a contested motion by Douglas Wardrick to intervene [Dkt. # 7]. Defendant seeks dismissal under Rule 12(b)(1) for lack of jurisdiction on the ground that plaintiff lacks

1

standing and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Since the Court agrees that plaintiff has not established his standing to sue under the District's CPPA, it will grant defendant's motion to dismiss under Rule 12(b)(1), deny the remaining two motions as moot, and dismiss this case.  *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) ("The defect of standing is a defect in subject matter jurisdiction.").

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.' "  *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982).  "In order to establish the existence of a case or controversy within the meaning of Article III, [a] party must meet certain constitutional minima," including "the requirement that . . . [he] has standing to bring the action."  *Gettman v. DEA*, 290 F.3d 430, 433 (D.C. Cir. 2002).  The "irreducible constitutional minimum" of standing requires: (1) an injury in fact; (2) causation; and (3) redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see Little v. Fenty*, 689 F. Supp. 2d 163, 168 (D.D.C. 2010) ("To satisfy this burden of establishing standing, '[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.' ") (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Standing to assert a claim under the District's CPPA " 'requires no more' than payment for services and pecuniary harm as a result of [unlawful trade] practices." *Silvious v. Snapple Beverage Corp*. 793 F. Supp. 2d 414, 417 (D.D.C. 2011) (citing *Shaw v. Marriott Intern., Inc.*, 605 F.3d 1039, 1042-43 (D.C. Cir. 2010)).

Plaintiff has not provided specific, or even approximate, dates when he made the alleged purchases, and reality belies his allegations.  Plaintiff is serving a Superior Court sentence of 30 years to life imposed on January 19, 1995.  *See Johnson v. Sullivan*, 748 F. Supp. 2d 1, 3-4

(D.D.C. 2010).  A court may take judicial notice of public records, which include court dockets. *See* Fed. R. Evid. 201(a),(b); *Rogers v. District of Columbia*, Civ. Action No. 11-1618, ___ F. Supp. 2d ___, 2012 WL 3108873, at *3 (D.D.C. Aug. 1, 2012) (citing cases).  A review of the civil dockets of this Court, to which plaintiff is no stranger, places plaintiff at the Federal Correctional Institution in Petersburg, Virginia, from 2006 to 2010.  *See, e.g., Johnson v. EOUSA*, Civ. No. 06-0424 (filed Mar. 8, 2006); *Johnson v. Sullivan*, Misc. No. 08-0457 (filed June 26, 2008); *Johnson v. Sullivan*, Civ. No. 09-2056 (filed Oct. 30, 2009); *Johnson v. McCool*, Civ. No. 10-0634 (filed Apr. 23, 2010).  Plaintiff does not state where he was incarcerated on November 1, 2005, when he alleges defendant launched the misleading marketing campaign, but it is reasonably safe to assume that he was not in the District on that date either.

Regardless, plaintiff's implication that he purchased defendant's products in the District of Columbia and thus suffered pecuniary injury simply strains credulity.  *Cf. with Silvious v. Coca-Cola Co.*, Civ. No. 11-2113, ___ F. Supp. 2d ___, 2012 WL 4466854, at *2 (D.D.C. Sept. 28, 2012) (finding that a plaintiff incarcerated since February 11, 2005, could not "credibly assert" that he had purchased defendant's product in the District within the applicable three-year statute of limitations).  And as a lay person, plaintiff cannot advance the claims of vendors or other consumers who may have purchased defendant's products in the District of Columbia.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (holding that a lay person cannot appear as counsel for others); *Silvious*, 2012 WL 4466854, at *2 (finding same); *see also Maydak v. FCC*, No. 98-1383, 1998 WL 938717 (D.C. Cir. Dec. 9, 1998) (per curiam) ("Appellant's alleged injuries 'in his capacity as a consumer' are hypothetical and conjectural, not the concrete and actual or imminent injury that Article III

3

requires. . . . Furthermore, appellant has not shown a fairly traceable connection . . . because the injury depends on the choices of third parties not before the court."). Accordingly, the Court will grant defendant's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. A separate Order accompanies this Memorandum Opinion.

_____s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: January 2, 2013